MCGREGOR W. SCOTT
United States Attorney
LAUREL D. WHITE
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CR. No. S-03-388-GGH |
| Plaintiff, ) | |
| ) | STIPULATED AMENDMENT TO |
| v. ) | DIVERSION AGREEMENT OF |
| ) | DEREK MESSENGER AND |
| DEREK MESSENGER, ) | PROPOSED ORDER |
| ) | |
| Defendant. ) | |
| _____) | |

  On May 3, 2004, defendant Derek Messenger, entered into a diversion agreement with the government.  Under the terms of that agreement, Mr. Messenger agreed and acknowledged he had committed an offense against the United States between on or about September 4, 1998 and on or about February 17, 1999, in violation of Title 18 United States Code, Section 669, in that he did knowingly and willfully without authority, convert to the use of any person other than the rightful owner, and intentionally misapplied the funds, property or other assets of health care benefit programs, to wit: Blue Shield of California, Kaiser Permanente, Medical Eye Services, and Guarantee Life Insurance Company, for employees of Capitol Prestige Travel, (a.k.a. Carlson Wagonlit Travel, Carlson Travel Network, Sears Travel Centers, and Travel Authority).  In return for

1

accepting responsibility for his conduct, it was agreed on the authority of the Attorney General of the United States, by McGregor W. Scott, United States Attorney for the Eastern District of California, and Laurel D. White, Assistant United States Attorney for the Eastern District of California, that prosecution in this District for his offense would be deferred for a period of 18 months, beginning on May 3, 2004, provided Mr. Messenger abided by the conditions and the requirements of the diversion program supervised by Pre Trial Services.

    Among the conditions Mr. Messenger was required to uphold was his pledge to pay $5,000 in restitution to victims of the offense. Absent from the original diversion agreement, however, was the list of names of victims and loss amounts each victim sustained. The government has since computed the loss for each and compiled a list of victims' names and addresses. Therefore, the parties respectfully request that the following list of victims and loss amounts be made a part of the diversion agreement so that the clerk's office for the Eastern District of California, will know who to distribute restitution monies to and in what amount. The parties acknowledge that the $5,000 Mr. Messenger is required to pay will not cover the full amount of restitution. The parties ask, however, that the Clerk's Office establish a percentage of the $8,998.10 loss computed below, which each victim is entitled to receive, and then allocate restitution according to those percentages, based on Mr. Messenger's $5,000 restitution payment.

///
///
///

The parties stipulate that the following victims are entitled to payments as indicated:

| Name | Address | Loss Amount |
|---|---|---|
| Sharon Copas | 351 Del Verde Circle, #7, Sacramento, CA 95833 | $   201.24 |
| Timothy Corcoran | 3847 Moddison Avenue Sacramento, CA 95819 | $   330.30 |
| Mary Ann Dalton | 15124 Reynosa Drive Rancho Murieta, CA 95683 | $   348.18 |
| Richard DeDanann | 7157 Canelo Hills Drive Citrus Heights, CA 95610 | $1,101.30 |
| Daniela Devitt | 4825 Squadron Court Fair Oaks, CA 95628 | $   134.82 |
| William Eshenaur | 2901 Weald Way, #111 Sacramento, CA 95833 | $    66.09 |
| Janell Evans a.k.a. Janell Pewitt | 3410 Kroy Way Sacramento, CA 95820 | $   448.38 |
| Helen Harrison | 969 Fulton Avenue, #566 Sacramento, CA 95825 | $   460.90 |
| Alicia Lellman | 8581 Hilton Way Fair Oaks, CA 95628 | $   230.45 |
| Linda Levinson | 1630 8th Avenue San Francisco, CA 94122 | $2,159.63 |
| Juan Magana | 608 Calle Cuesta Watsonville, CA 95076 | $   231.21 |
| Kathy McCarron | 3005 Bertis Drive Sacramento, CA 95821 | $   498.20 |
| Joan Papantoniadis | 7420 Lindale Drive Sacramento, CA 95828 | $1,386.22 |
| Del Powell | 3394 Smoketree Drive, #283 Sacramento, CA 95834 | $   498.20 |
| Susan Sloan | 103 Ashley Avenue Woodland, CA 95695 | $   199.28 |
| Peggy Vaquera | 9436 Mainline Drive Elk Grove, CA 95624 | $   454.60 |

3

| | | |
|---|---|---|
| Karen Wasilewski | 938 Bradford Way<br>Benicia, CA 94510 | $ 249.10 |
| | | _____ |
| | Total | $8,998.10 |

The parties acknowledge that there were other victims who realized losses in this case. U.S. Department of Labor Special Agent Merry Adams attempted to determine current addresses for the remaining victims but was unable to do so.[1]

<u>April 5, 2005</u>  /s/ Derek Messenger
Date  DEREK MESSENGER
  Divertee

<u>April 5, 2005</u>  /s/ Johnny Griffin, III
Date  JOHNNY GRIFFIN, III
  Counsel for Derek Messenger

<u>April 8, 2005</u>
Date  MCGREGOR W. SCOTT
  United States Attorney

  By/s/ Laurel D. White
    LAUREL D. WHITE
    Assistant U.S. Attorney

<u>April 12, 2005</u>  /s/ Gina Lee Faubion
Date  GINA LEE FAUBION
  Pre-trial Diversion
  Coordinator or Program
  Supervisor

---

[1] Those victims include: Dennis Ayson (loss $363.33), Shirley Berger (loss $180.64), Tenisha Dosty (loss $33.54), Jeanne Henry (deceased, loss $100.66), Leah Lingafeldt (loss $793.76), Tomi Radke (loss $268.32), Rhoeda Sinclaiare (loss $448.38), and Benita Ventura (loss $66.02).

4

**ORDER**

WHEREFORE, FOR THE REASONS STATED ABOVE IN THE STIPULATED AMENDMENT TO DIVERSION AGREEMENT OF DEREK MESSENGER, and good cause appearing, this court orders that, the division of restitution in the above-entitled case, shall be paid to the named victims identified above, and in amounts representing each victim's share of the total loss of $8,998.10.  The Court further orders that restitution shall be paid only to those named victims whose addresses have been confirmed by the government.  The Court orders that this amendment to the diversion agreement be made a part of the original diversion agreement, as it is fully set forth herein.

**IT IS SO ORDERED**. * The United States shall supply the payment schedule to the Clerk's Office.

Dated: 4/19/05

/s/ Gregory G. Hollows
_____
HON. GREGORY G. HOLLOWS
U.S. Magistrate Judge

messenger388.ord04